UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ESTATE OF ICOLA HUNTER,  CIVIL ACTION
ADMINISTRATOR EDWARD
HUNTER JR.

VERSUS  NO. 19-1786

MAYOR LATOYA CANTRELL  SECTION "R" (3)

# ORDER AND REASONS

Before the Court is defendant's motion to dismiss for lack of subject matter jurisdiction.[1] Because the Court lacks jurisdiction to consider plaintiff's claims, the motion is granted.

## I. BACKGROUND

This case involves plaintiff Edward Hunter's pro se claims against Latoya Cantrell, the mayor of New Orleans. On February 27, 2019, Hunter, as the administrator of the estate of Icola B. Hunter, filed a pro se complaint against Cantrell.[2] He alleged federal question jurisdiction on the basis that Cantrell had committed "[c]rime against Humanity/Shadow Governmental,

---

1  R. Doc. 15.
2  R. Doc. 1.

codes, conspiracy, and extortion."[3] Under "statement of claim" plaintiff wrote that a tornado had destroyed the roof of his warehouse, and when he reached out the city government for assistance he received no response.[4]

Plaintiff later moved to amend his complaint.[5] His amended complaint lacks any allegations, but simply lists various legal authorities, including state statutes and provisions of the United States Constitution.[6] Plaintiff also attaches various documents, including a notice of administrative judgment against the estate of Icola Hunter as the owner of 7010 Edgefield Drive,[7] and a chapter from the Book of Exodus from the Bible.[8]

Defendant moves to dismiss plaintiff's complaint. The motion is unopposed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional

---

[3] *Id.* at 3.
[4] *See id.* at 4.
[5] R. Doc. 8.
[6] *See generally id.*
[7] R. Doc. 12-1 at 11.
[8] *Id.* at 7.

power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Because a 12(b)(1) motion is jurisdictional, a court considers such a motion "before addressing any attack on the merits," *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice," *id.* at 286-87 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Nevertheless, a court uses "the same standard" when analyzing a Rule 12(b)(1) motion as it would a Rule 12(b)(6) motion. *See Dooley v. Principi*, 250 F. App'x 114, 115-16 (5th Cir. 2007) (per curiam).

Unlike in a Rule 12(b)(6) motion, though, "[c]ourts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, plaintiff has the burden of demonstrating that subject

3

matter jurisdiction exists. *See Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming*, 281 F.3d at 161).

A court must liberally construe a pro se litigant's filings in his favor, and the filings are held "to less stringent standards than formal pleadings drafted by lawyers." *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). However, a pro se plaintiff is not "exempt . . . from compliance with the relevant rules of procedural and substantive law." *Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (per curiam) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

## III. DISCUSSION

Section 1331 vests district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal jurisdiction under Section 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (2007). A plaintiff does not properly invoke federal question jurisdiction when his claim is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a*

*Better Env't*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

Plaintiff's amended complaint contains no allegations, and therefore offers no basis for federal question jurisdiction. The complaint quotes from the Constitution but offers no allegations by which the Court can find that a violation of the Constitution occurred. Plaintiff attached to his amended complaint a notice of administrative judgment. But even if plaintiff somehow sought to appeal that administrative judgment, he offers no reason why federal law would apply.

The basis laid out for federal jurisdiction in plaintiff's original complaint was "crime against Humanity/Shadow Governmental, codes conspiracies and extortion."[9] Plaintiff also accused the city government of not properly responding after his property was damaged. But it is unclear from the original complaint how plaintiff understood defendant to be violating the Constitution or federal law. And although courts must read pro se filings liberally, they are not to "invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 952 (5th Cir. 2009). Indeed, plaintiff's claims are so "completely devoid of merit as not to involve

---

9     R. Doc. 1 at 3.

a federal controversy." *Citizens for a Better Env't*, 523 U.S. at 85 (citation omitted). Accordingly, the Court lacks jurisdiction under 28 U.S.C. § 1331.

Because the Court does not have jurisdiction to consider plaintiff's claims, it does not reach defendant's argument that plaintiff's motion should be dismissed pursuant to Federal Rule of Civil Procedure 12(c).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. Plaintiff's complaint is dismissed WITHOUT PREJUDICE.

New Orleans, Louisiana, this __8th__ day of April, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE